**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4132**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NELSON WATTS BROADIE, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:15-cr-00137-HEH-1)

Submitted: September 29, 2017                          Decided: November 17, 2017

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Appellate Attorney, Carolyn V. Grady, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Christopher Catizone, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nelson Watts Broadie, Jr. appeals his convictions for one count of being a felon in possession of a firearm, three counts of possession with intent to distribute, and distribution of, cocaine base, and two counts of possessing a firearm in furtherance of a drug trafficking crime, and his sentence of 447 months' imprisonment. On appeal, Broadie contends that the district court erred in admitting evidence of other acts of misconduct pursuant to Fed. R. Evid. 404(b). He also contends that his prior conviction for Virginia attempted robbery is not a crime of violence, and thus the district court erred in applying U.S. Sentencing Guidelines Manual § 2K2.1(a)(3) (2015) in determining his Guidelines range. Finding no error, we affirm both the convictions and the sentence.

We review the district court's evidentiary rulings for abuse of discretion. *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016). "Rule 404(b) allows admission of evidence of the defendant's past wrongs or acts, as long as the evidence is not offered to prove the defendant's predisposition toward criminal behavior." *United States v. Sterling*, 860 F.3d 233, 246 (4th Cir. 2017). The list of permissible uses for evidence admitted under Rule 404(b), including "motive, opportunity, and intent, is not exhaustive." *Id.* To be admissible under Rule 404(b), evidence must be: (1) relevant to an issue other than the defendant's character; (2) necessary to prove an element of the charged offense; (3) reliable; and (4) admissible under Fed. R. Evid. 403, in that the probative value of the evidence must not be substantially outweighed by its prejudicial nature. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997).

2

At trial, Broadie argued to the jury that even if he possessed a firearm during the charged drug trafficking offenses, that possession was incidental to, rather than in furtherance of, the drug trafficking. The Government introduced evidence that Broadie possessed and discharged a firearm during an attempted robbery of a drug dealer less than a month before the charged drug trafficking crimes. The firearm Broadie discharged during the attempted robbery was the same firearm found in the residence where Broadie was arrested, and that Broadie admitted possessing during the charged offenses. Accordingly, the evidence was probative of Broadie's intent to possess the firearm in furtherance of the charged drug trafficking offenses, and thus admissible under Rule 404(b). Furthermore, the district court mitigated any possibility of unfair prejudice by giving a limiting instruction to the jury and not allowing the jury to hear that Broadie had shot the victim of the attempted robbery. We therefore conclude that the district court did not abuse its discretion in admitting the evidence under Rule 404(b).

Broadie also asserts that the district erroneously applied USSG § 2K2.1(a)(3) in determining his Guidelines range. However, as the Government correctly argues, Broadie waived appellate review of this issue. A "waiver is the intentional relinquishment or abandonment of a known right," while forfeiture is "the failure to make the timely assertion of a right." *United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014). "A party who identifies an issue, and then explicitly withdraws it, has waived the issue." *Id.* While forfeited claims can be reviewed on appeal for plain error, a claim that has been waived cannot be reviewed under any standard, because a valid waiver means that "there was no error at all." *Id.* In this case, Broadie filed an objection to the

3

presentence report based on the application of §2K2.1(a)(3), but explicitly stated in his sentencing briefs and at the sentencing hearing that he had no objections to the PSR and that the Guidelines calculations were correct. This waived Broadie's claim. *See id.* at 298-300.

Accordingly, we affirm Broadie's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

4